## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DARIUS MATTHEWS,  *
  *
  Plaintiff,  *
  *
vs.  * CIVIL ACTION NO. 21-00335-JB-B
  *
ESCAMBIA COUNTY SHERIFF'S *
DEPARTMENT,  *
  *
  Defendant.

### REPORT AND RECOMMENDATION

This action is before the Court on Darius Matthews' *pro se* motion to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.[1] (Doc. 6). Because Matthews is seeking to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires that his amended complaint be screened. See Moore v. City of Mobile, 2012 U.S. Dist. LEXIS 111976, *1, 2012 WL 3263748, *1 (S.D. Ala. July 13, 2012), *report and recommendation adopted*, 2012 WL 3262894 (S.D. Ala. Aug. 9, 2012). Having carefully screened Matthews' amended complaint under § 1915(e)(2)(B), the Court finds that this action is untimely, deficiently pled, and asserts claims only against an entity which cannot be sued. Therefore, this action is due to be

---

[1] Plaintiff Darius Matthews, an inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Matthews' claims are either frivolous or fail to state a claim upon which relief may be granted. Having found that this action is due to be dismissed, Matthews' motion to proceed without prepayment of fees (Doc. 6) is due to be denied as moot.

**I. Amended Complaint. (Doc. 8).**

In the Court's order dated August 6, 2021, the Court advised Matthews that his complaint was deficient because it named only one defendant, the Escambia County Sheriff's Department, which is not a legal entity and, thus, cannot be sued. (Doc. 5). The Court also advised Matthews that his complaint was rambling and incomprehensible and did not satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure or Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). (Id.). Matthews was cautioned that he must file an amended complaint and cure the noted deficiencies, or his action would be dismissed. (Id.). The Court further advised Matthews that his amended complaint would replace the original complaint; therefore, he was not to reference nor attempt to incorporate by reference his original complaint. (Id.).

In response, Matthews filed an amended complaint, which is now the operative pleading in this case. Notwithstanding the Court's clear directives to Matthews, he has once again named the

2

Escambia County Sheriff's Department as the sole Defendant in this action. (Doc. 8). As best the Court can discern, Matthews claims that, in or around May or July 2018, a task force officer with the Escambia County Sheriff's Department violated his constitutional rights by tasing him during an arrest for drug trafficking. (Id. at 5). Based on this conduct, Matthews appears to assert claims for illegal search and seizure, false imprisonment, and excessive force. (Id. at 6-7). For relief, Matthews requests that the officers on the drug task force be terminated. (Id. at 8).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

As discussed, because Matthews seeks to proceed *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). See Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

3

may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009). Furthermore, a court treats as true factual

allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

The disposition of Matthews' amended complaint turns on whether he has cured the deficiencies in his original complaint, as outlined in the Court's order dated August 6, 2021. (Doc. 5). Having reviewed the amended complaint, the Court finds that Matthews again has named as the sole Defendant in this case the Escambia County Sheriff's Department, an entity which cannot be sued. He has also failed to set forth a short and plain statement of his claims so as to provide fair notice to the Court and to any proper defendant of the claim against said defendant, as required by Rule 8(a) of the Federal Rules of Civil Procedure. In addition, his alleged claims are, in any event, untimely. The Court will address each of these issues in turn.

Under Alabama law, a "Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). That is, a sheriff's department is not usually considered

5

a legal entity subject to suit.  Id.  The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Id. (quoting FED.R.CIV.P. 17(b)).  Under Alabama law, a "sheriff's department lacks the capacity to be sued." Id.  Thus, Matthews' claims against the Escambia County Sheriff's Department are frivolous as a matter of law.

In addition, as discussed, in an order dated August 6, 2021, the Court explained to Matthews, in detail, that the allegations in his complaint were rambling and confusing and did not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Docs. 1, 5).  Matthews was given an opportunity to cure the pleading deficiencies in his original complaint. Nevertheless, in his amended complaint (Doc. 8), Matthews again failed to set forth a "short and plain statement" of his claims that would give the defendant fair notice of the claims and the grounds upon which they rested.  See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(citations omitted).  Therefore, the allegations of the amended complaint, like the original complaint, fail to state a claim upon which relief can be granted.

Last and fatally, Matthews alleges that the conduct on which his amended complaint is based occurred "in July or May 2018." (Doc. 8 at 5).  The law is well settled that "[a]ll constitutional

6

claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008)(citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985)). Matthews' complaint was filed in Alabama, where the governing limitations period is two years. Id. (citing Ala. Code § 6-2-38; Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989)). Therefore, in order to have his claim heard, Matthews was required to bring it within *two years* from the date that the limitations period began to run. "It has long been the law of this Circuit that in § 1983 actions 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" McNair, 515 F.3d at 1173 (quoting Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)). In his amended complaint, Matthews alleges that he was arrested for drug trafficking in "July or May 2018" by a task force officer with the Escambia County Sheriff's Department. (Doc. 8 at 5). Indeed, as best the Court can discern, Matthews' claims in the amended complaint are centered on the May/July 2018 arrest. Yet, Matthews did not file the present action until July 22, 2021. (Doc. 1). Accordingly, Matthews' § 1983 claims are untimely.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted and are untimely. Having so found, Matthews' motion to proceed without prepayment of fees (Doc. 6) is due to be denied as moot.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

8

however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **October, 2021.**

                                                   **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**